[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
Pursuant to Practice Book § 17-18 and General Statutes § 52-192a, the plaintiff moves to add interest to the jury verdict award. The parties have stipulated that if the court awards the additional interest that the starting date would be January 25, 1995 and that the amount would be $262.12 per diem. The defendant, however, contends that the plaintiff is not entitled to the statutorily prescribed interest because when the plaintiff's offers of judgment to both defendants are combined, they exceed the jury verdict award. The matter has already been addressed in favor of the plaintiff. "[I]t is within the plaintiff's discretion whether to file a unified offer of judgment for each defendant."Blakeslee Arpaia Chapman, Inc. v. El Constructors, Inc., 239 Conn. 708,749, 687 A.2d 506 (1997). Moreover, "[i]t would be irrational for the court to construe 52-192a (b), General Statutes, to provide that no interest be awarded unless the amount recovered from one set of defendants is greater than the statutory offer of judgment that reflected the total potential liability of all of the defendants when it was filed. Such an interpretation could only serve to defeat the purpose of the statute." Bower v. Ausmus, Superior Court, judicial district of New Haven, Docket No. 262614 (January 28, 1993, Gray, J.). Here, the defendant was found 70% liable on a $1,130,000 verdict or $791,000. The plaintiff's offer of judgment on July 25, 1996 was $400,000. The verdict CT Page 8739 was greater than the offer of judgment and the statutory requirements have been met. Consequently, the court grants the plaintiff's motion and interest shall be added from of this decision.
HICKEY, J.